UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

LORI MACAKANJA,                                    **No. 1:11-CR-00257 (MAT)**
                                                   **No. 1:13-CV-00248 (MAT)**
                                   Movant,
                                                   **DECISION AND ORDER**
          -vs-

UNITED STATES OF AMERICA,

                                   Respondent.

———————————————————————

## I.    Introduction

Proceeding *pro se*, movant Lori Macakanja ("movant"), a federal prisoner, moves this Court to vacate her sentence pursuant to 28 U.S.C. § 2255. On October 6, 2011, movant was convicted, upon her plea of guilty, of one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of theft of government money in violation of 18 U.S.C. § 641. See docs. 19, 20. On February 2, 2012, movant was sentenced to a term of 72 months imprisonment with a three-year term of supervised release. Movant's plea agreement included a standard waiver of appeal and collateral attack. See doc. 19 at 12-13. Presently before the Court is movant's motion to vacate her sentence pursuant to 28 U.S.C. § 2255. Doc. 33. For the reasons discussed below, plaintiff's motion is denied.

## II.   Background

Movant's conviction arose out of a series of incidents which occurred while she was employed as a housing counselor by Homefront, a HUD-approved counseling agency. In her capacity as a housing counselor, while utilizing the United States Post Office

for communication with Homefront clients, she received payments from multiple clients. Instead of applying those payments to the clients' mortgages, she used the money to gamble and to pay the mortgage on her own personal residence. During the course of this scheme, movant defrauded over 200 individual victims and restitution ordered at the time of her sentence totaled approximately $296,000.

Movant's plea agreement contained a standard waiver of appellate and collateral attack rights. Specifically, the plea agreement stated that movant "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence." Doc. 19 at 12. Paragraph 15 of subsection III of the plea agreement stated that the parties understood that movant carried a total offense level of 26 and criminal history category of I, and that movant's sentencing range would be a term of imprisonment of between 63 to 78 months, a fine of $12,500 to $125,000, and a period of supervised release of 2 to 3 years. On February 2, 2012, the Court (Arcara, J.) sentenced movant to a term of 72 months and three years supervised release. She was ordered to pay restitution to multiple victims and the Department of Housing and Urban Development, but was not fined.

At the plea proceeding on October 6, 2011, movant was sworn in and questioned by the Court. A review of the plea transcript reveals that movant fully understood and waived her rights of appeal and collateral attack. Movant confirmed to the Court that she had discussed the terms of the plea agreement with her attorney, testified that she was satisfied with her counsel's representation, and stated that she had no complaints regarding counsel. She testified that she was not under the influence of any drug, medicine, or alcohol, and the Court observed that she "appear[ed] to be intelligent, alert, focused." Doc. 37 at 10. The Court thoroughly explained the grand jury process to movant and she agreed that she wished to waive indictment and proceed to plead. Id. at 10-15.

The Court conducted a pre-plea legal colloquy in which movant agreed that she understood that she waived her right to collateral attack of the sentence. See id. at 33-36. She also testified that no one had made her any additional promises other than those contained within the plea agreement; no one forced her to plead guilty; no one threatened her; and she had discussed the matter with her attorney. Throughout the proceeding, the Court made it clear to movant that she was free to ask questions or take a break to consult with her attorney if she so desired. The Court explicitly found that movant was "fully competent and capable of entering an informed plea . . . a voluntary plea supported by an independent basis of fact containing each essential element of the

3

events charged." Id. at 41. Accordingly, the Court accepted movant's plea.

## III. Discussion

### A.   Ineffective Assistance of Counsel

Movant argues that her sentence should be vacated, pursuant to 28 U.S.C. § 2255, due to ineffective assistance of counsel. She raises five grounds upon which she bases this argument: (1) her attorney was not present during the balance of "3 or 4 proffers sessions" in which she was questioned by various federal authorities; (2) her attorney failed to review the plea agreement with her and told her it was "[the plea agreement] or nothing"; (3) her attorney directed her not to disclose to probation, for purposes of preparation of a presentence investigation report ("PSI"), that she had abused prescription drugs in the past; (4) an error in the PSI resulted in inaccurate calculation of her sentencing guidelines range; and (5) her attorney failed to present arguments in favor of mitigation of her sentence at the sentencing proceeding.

"[A] waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002), cert. denied, 537 U.S. 1146 (2003); El Saleh v. United States, 2016 WL 4734601, *3 (E.D.N.Y. Sept. 9, 2016) ("[A] defendant cannot be bound by an appeal waiver if the decision to enter a plea agreement

was the product of counsel's ineffective assistance") (citing United States v. Hernandez, 242 F.3d 110, 114 (2d Cir. 2001)). As respondent's memorandum apparently recognizes, movant's first two contentions listed above arguably relate to the process by which the waiver was procured, i.e., the plea agreement. See El Saleh, 2016 WL 4734601, at *3 ("[W]here an attorney's ineffective assistance caused a defendant to agree to a waiver, a court must look past the waiver and examine the underlying merits of the ineffective assistance claim.").

In order to prove ineffective assistance of counsel, a defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). Where a defendant claims that counsel was ineffective in recommending a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Movant's first ground of ineffective assistance charges that her attorney, Brian Comerford, Esq., was not present during meetings in which she was questioned by various federal officials. Movant alleges that these meetings lasted between four and eight

hours, and that her attorney left shortly after they began, leaving her with either his "investigator 'Tom'" or, on one occasion, with another attorney whom the movant believed to be Mr. Comerford's supervisor. Movant argues that she "believe[s] that Mr. Comerford should have been present as [her] legal consel" at these meetings." Doc. 33 at 8. She does not, however, describe how or why these meetings prejudiced her or resulted in an unfavorable plea agreement. There is nothing in the record before the Court which indicates that plaintiff suffered any prejudice as a result of counsel's alleged failure to be present during these meetings, and therefore movant has failed to establish that "but for" counsel's errors, she would have "insisted on going to trial." Hill, 474 U.S. at 59.

Similarly, movant has failed to establish that she "was not given any opportunity to review" the plea agreement prior to pleading. Doc. 33 at 8. During her plea colloquy, she confirmed that she had talked with counsel about the plea, she was satisfied with counsel, and she had no complaints. Therefore, the record of movant's plea proceeding belies her contention that she was not offered the opportunity to consult with Mr. Comerford prior to pleading. See Blackledge v. Allison, 431 U.S. 63, 74 (U.S. 1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly

incredible."); see also <u>Cook v. Bradt</u>, 2009 WL 3334792, *6
(W.D.N.Y. Oct. 9, 2009) ("The transcripts of the plea colloquy
establish that petitioner's acceptance of the plea agreement was in
fact knowing and voluntary, where petitioner answered affirmatively
that he freely and voluntarily entered the plea without any form of
coercion and was explained in detail the rights that he waived.").
The Court therefore rejects movant's first two grounds alleging
ineffective assistance of counsel.

### B.   Waiver of Collateral Attack in the Plea Agreement

While the first two grounds movant raises survive the waiver
of collateral attack, the last three grounds she raises do not.
Those grounds essentially argue that movant's sentence was unduly
severe, even though it fell within the range contemplated by the
plea agreement. As noted above, plaintiff argues under those three
grounds that (1) her attorney directed her not to disclose to
probation, for purposes of preparation of a presentence
investigation report ("PSI"), that she had abused prescription drugs
in the past; (2) an error in the PSI resulted in inaccurate
calculation of her sentencing guidelines range; and (3) her
attorney failed to present arguments in favor of mitigation of her
sentence at the sentencing proceeding.

Initially, the Court finds that movant's waiver was entered
knowingly and voluntarily. As discussed above, the Court conducted
a lengthy legal colloquy regarding movant's knowledge of, and
decision to waive, her right to collaterally attack the judgment.

7

See United States v. Roque, 421 F.3d 118, 122 (2d Cir. 2005) (finding that waiver was knowing and voluntary where there was "no evidence [in the] record to suggest that [defendant] was ignorant of his legal and constitutional rights in their then-present state").

The grounds alleged by movant essentially argue that she received an unduly severe sentence, although she does not dispute that the sentence she received, 72 months, was within the agreed-upon range of between 63 to 78 months. When she pled, however, movant forfeited her right to challenge a sentence that fell within the range contemplated by the plea agreement. See Roque, 421 F.3d at 123 (holding that defendant who voluntarily pled "gave up the right to challenge, *for any reason*, a sentence within the stipulated range) (emphasis in original) (citing United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam) ("In no circumstances . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.")).

Movant's complaints about the PSI are likewise precluded because she gave up her right to challenge a sentence within the agreed-upon range "notwithstanding the manner in which the [c]ourt determine[d] the sentence." United States v. Willard, 588 F. App'x

78, 78 (2d Cir. 2015). Moreover, the record belies her contention that counsel failed to argue for mitigation on her behalf at the sentencing proceeding. See doc. 44 at 17-23. For all of the above reasons, movant's motion pursuant to § 2255 is denied.

## III. Conclusion

Movant's motion to vacate and correct her sentence (Doc. 33) is denied. The Clerk of the Court is directed to close Civil Case No. 1:13-CV-00248.


**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     November 16, 2016
           Rochester, New York.